UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ZEIGA GREEN                                CIVIL ACTION NO. 23-1360

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

WHITTINGTON, ET AL.                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are two Appeals of a Magistrate Judge Decision filed by Plaintiff Zeiga Green ("Green"). See Record Documents 34 & 43. The first is to appeal Magistrate Judge Hornsby's Memorandum Order granting Defendants John Carroll, Anthony Evan, Deputy Figueroa, Deputy Godphrey, Linton Jacobs, Deputy Jones, and Sheriff Julian Whittington's (collectively, "Defendants") Motion to Compel. See Record Documents 18, 32, & 34. Defendants filed an opposition and accompanying exhibit. See Record Documents 36 & 37. The second is to appeal Magistrate Judge Hornsby's Order denying Green's Motion to Appoint Counsel. See Record Documents 39, 42, & 43. No opposition was filed. For the reasons stated below, both appeals are **DENIED**, and Magistrate Judge Hornsby's Orders are **AFFIRMED**.

Green is a self-represented inmate who filed suit against Defendants based on allegations that he was subjected to excessive force on June 25, 2023. See Record Document 31 at 1. Green alleges that Defendants, while moving him to another housing unit, grabbed him, twisted his arms, struck him, and slammed him into the floor. See id. He also alleges that he asked for medical treatment after the incident, but treatment was refused. See id.

In Green's first appeal, he argues Magistrate Judge Hornsby abused his discretion when he granted Defendants' Motion to Compel because discovery has ended and both parties have summitted their summary judgment responses. See Record Document 34 at 1. In their opposition, Defendants assert Magistrate Judge Hornsby was proper in ruling that Green must provide the information they need to defend against Green's claims. See Record Document 36 at 4. Defendants submit they have made these requests twice, and Green has not properly responded despite Magistrate Judge Hornsby's Memorandum Order. See id.

In Green's second appeal, he contends Magistrate Judge Hornsby abused his discretion when he denied Green's Motion to Appoint Counsel. See Record Document 43 at 1. Green contends he has met the requirements showing his need for appointment of counsel. See id. at 1–2. He supports his argument with the following: (1) his case has merits; (2) he is indigent and incarcerated; (3) there is disputed and conflicting evidence; (4) he is "unlettered" in the law; (5) the case involves complexities, like expert witnesses and alleged civil rights violations; and (6) he has tried to contact potential counsel but has been unsuccessful. See id. at 2–4.

Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] party may ask the district court to review a magistrate judge's non-dispositive pretrial order." Berrios v. Magnus, No. 22-00139, 2022 WL 5287782, at *1 (W.D. Tex. Oct. 6, 2022). "The district judge may set aside the magistrate judge's order when it is 'clearly erroneous or contrary to law.'" Do No Harm v. Edwards, No. 24-00016, 2024 WL 4884426, at *1 (W.D. La. Nov. 25, 2024) (quoting 28 U.S.C. § 636(b)(1)(A)). Magistrate judges are "afforded great discretion" on discovery matters. Id. (quoting Albermarle Corp. v. Chemtura Corp., No. 05-1239, 2008 WL

2

11351528, at *1 (M.D. La. Apr. 22, 2008) (citing Merrit v. Int'l Bro. of Boilermakers, 649 F. 2d 1013 (5th Cir. 1981))). "Under a 'clearly erroneous or contrary to law' standard of review, district courts 'shall affirm the decision of the magistrate judge unless, based on all the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake.'" Id. (quoting Progressive Waste Solutions of La., Inc. v. Lafayette Consol. Gov't, No. 12-00851, 2015 WL 222392, at *2 (W.D. La. Jan. 14, 2015)).

This Court finds that Green has not shown clear error in Magistrate Judge Hornsby's Orders on the Motion to Compel and the Motion to Appoint Counsel. Magistrate Judge Hornsby granted Defendants' Motion to Compel because Green was not providing complete responses to written interrogatories and requests for production of documents. See Record Document 31. Instead, he provided little information and referred to the allegations in his Complaint. See id. As a result, Magistrate Judge Hornsby allowed Green until June 25, 2024 to serve counsel for Defendants with supplemental responses in accordance with his Memorandum Order, which he has since failed to do. See id. at 4. Therefore, Green's first appeal is without merit.

Magistrate Judge Hornsby denied Green's Motion to Appoint Counsel because he was able to present competent summary judgment evidence and defeat, in part, Defendants' motion for summary judgment. See Record Document 42 at 1. In civil cases, counsel is only appointed "under exceptional circumstances." Tolbert v. Colvin, No. 14-131, 2014 WL 4447137, at *2 (E.D. Tex. Sept. 8, 2014) (citing Robbins v. Maggio, 750 F. 2d 405, 412 (5th Cir. 1985)). When determining whether exceptional circumstances exist, a court should consider the following:

> (1) the type and complexity of the case; (2) whether the indigent person is capable of adequately presenting his case; (3) whether the indigent person is in a position to adequately investigate the case; and (4) whether the evidence consists largely of conflicting testimony such that skill in the presentation of evidence and cross examination is required.

Id. (citing Parker v. Carpenter, 978 F. 2d 190, 193 (5th Cir. 1992)). Additionally, "the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on his/her own behalf." Id.

In his Order, Magistrate Judge Hornsby found that Green's case is typical of many prisoner cases presented in this Court, some of which go to trial with unrepresented plaintiffs. See Record Document 42 at 1. Additionally, Green was able to adequately explain the basis for his claims in his various filings despite his lack of formal legal training, and he defeated an attempt to dismiss his claims. See id. The Court agrees with the findings of Magistrate Judge Hornsby. Green has not demonstrated exceptional circumstances warranting the appointment of counsel; therefore, his second appeal is without merit.

For the reasons stated above,

**IT IS ORDERED** that both of Green's Appeals of a Magistrate Judge Decision (Record Documents 34 & 43) are **DENIED**. Magistrate Judge Hornsby's Orders granting the Motion to Compel (Record Document 31) and denying the Motion to Appoint Counsel (Record Document 42) are **AFFIRMED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 28th day of January, 2025.

*[signature]*
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT