UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ZEIGA GREEN #54806                    CIVIL ACTION NO. 23-cv-1360

VERSUS                                JUDGE S. MAURICE HICKS, JR.

JULIAN WHITTINGTON ET AL              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Zeiga Green ("Plaintiff") is a self-represented inmate who filed this civil action against Sheriff Julian Whittington and several of his deputies based on allegations that Plaintiff was subjected to excessive force on June 25, 2023. Plaintiff alleged that deputies, during the course of moving Plaintiff to another housing unit, grabbed him, twisted his arms, struck him, and slammed him to the floor. Plaintiff also alleged that he asked for medical treatment after the incident, but treatment was refused.

In February of 2025, Defendants filed a motion to compel (Doc. 18) and asked the court to order Plaintiff to provide complete responses to written interrogatories and requests for production of documents. Plaintiff had served responses, but many of his answers merely referred to allegations in his complaint, objected based on medical privilege, or objected based on alleged prematurity or being overbroad.

The court granted Defendants' motion to compel in a memorandum order (Doc. 31) that discussed the various discovery requests for which Plaintiff must supplement his responses. The court set a deadline of June 25, 2024 for Plaintiff to serve his supplemental

responses. Plaintiff was warned that failure to reasonably respond could result in sanctions. Defendants represent that Plaintiff did not comply with that deadline.

Judge Hicks held a pretrial conference several months later in February 2025, and the outstanding discovery issues were discussed. Judge Hicks directed defense counsel to submit a new motion to compel, after which the court would set a deadline for Plaintiff to supply the outstanding discovery. Doc. 52. Defense counsel filed a Motion to Compel Supplemental Discovery Responses (Doc. 53) and an affidavit (Doc. 55) in which Major Brad Anderson stated that he personally delivered a copy of the motion to Plaintiff on February 24, 2025 at the Bossier Medium Security Booking desk.

The court issued a Notice of Motion Setting (Doc. 54) that set a deadline for Plaintiff to respond to the motion to compel. The copy of the notice that was mailed to Plaintiff was returned by the postal service, marked with a notation that Plaintiff had been sent to Madison Parish. Doc. 56. Plaintiff soon filed a notice of change of address, but it was determined that the address he listed was not the correct address for any Madison Parish jail or detention center. The court determined the correct address for Plaintiff at the Madison Parish Correctional Center and re-mailed the notice of motion setting to Plaintiff at that address. Doc. 58.

To ensure that Plaintiff was provided complete notice, Defendants were ordered to promptly mail Plaintiff another copy of their motion and exhibits and file a certificate of mailing. Plaintiff was given a deadline of 14 days after the date of mailing in that certificate to file his opposition to the motion to compel. Doc. 58.

Defendants filed a Certificate of Service (Doc. 59) in which they certified that a copy of the Motion to Compel Supplemental Discovery Responses was served on Plaintiff by certified mail on March 18, 2025 at his new address. Defendants noted that they had previously served the same motion on Plaintiff by hand delivery on February 24, 2025 when he was in the Bossier facility.

Plaintiff did not file any opposition to the motion to compel. The court entered a memorandum order (Doc. 61) that granted the motion to compel and gave Plaintiff a deadline of May 7, 2025 to serve supplemental discovery responses on defense counsel. The order noted that this was the same supplemental discovery responses that were "previously ordered by the memorandum order issued June 10, 2024 at Doc. 31." The court warned Plaintiff that "failure to do so may result in the dismissal of this civil action for failure to comply with the court's orders."

On May 21, 2025, two weeks after Plaintiff's deadline to serve the supplemental discovery responses, Defendants filed a notice of failure to comply. They represented that Plaintiff did not serve the supplemental discovery responses as ordered and, as of the date of filing, they had not received any other communications from Plaintiff. Doc. 64.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962). Dismissal is appropriate in these circumstances.

The court has given Plaintiff many opportunities, over the course of several months, to satisfy his basic discovery obligations and comply with the court's orders. Plaintiff has failed to do so despite clear explanations of his obligations and the allowance of ample time. Plaintiff has not responded to motions filed by the defendants or complied with his discovery obligations as ordered.

It would be unduly prejudicial to Defendants to require them to proceed to trial without receiving basic discovery responses about Plaintiff's claims. Dismissal is a serious sanction, but there is no lesser sanction, especially when it is considered that Plaintiff no longer complies with or responds to basic orders, that would adequately remedy the harm done and serve the interest of justice. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances. Torres v. Krueger, 596 Fed. Appx. 319, 321 (5th Cir. 2015) (affirming dismissal of the action with prejudice when the plaintiff failed to respond to or comply with court orders.)

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of May, 2025.

Mark L. Hornsby
U.S. Magistrate Judge